**Leila POOLE, Individually and on behalf of her unborn child, and on behalf of others similarly situated, Plaintiffs,**

**v.**

**E. Douglas ENDSLEY, Director, Division of Family Services, Florida Department of Health and Rehabilitative Services, et al., Defendants.**

Tallahassee Civ. A. No. 74–22.

United States District Court, N. D. Florida.

March 4, 1974.

Laurence Z. Shiekman and David F. Powell, Florida State University, College of Law, Tallahassee, Fla., for plaintiffs.

Eve Dunkerley Peck, Dept. of Health & Rehabilitative Services, Div. of Family Services, Jacksonville, Fla., for defendants.

## OPINION-ORDER

MIDDLEBROOKS, District Judge.

### PRELIMINARY STATEMENT OF ACTION

In this class action for injunctive and declaratory relief, plaintiff, an unmarried, pregnant woman residing in Tallahassee, Leon County, Florida, seeks to permanently enjoin defendants from refusing to grant Aid to Families with Dependent Children (hereinafter referred to as "AFDC") program benefits to plaintiff and her unborn child and members of the class she represents until the actual birth of the child.

It is further alleged that defendants' refusal to grant AFDC benefits to plaintiff and her unborn child and members of the class she represents has deprived and will continue to deprive them of those rights guaranteed them by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that said refusal denies AFDC payments and medical care to unborn children and their mothers but provides such assistance to all other children and their mothers, or alternatively that the policy of refusal is in conflict with the Social Security Act, Title 42, U.S.C.A., § 601 [1] and regulations issued

---

1. "§ 601. Appropriations

For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as

thereunder, 45 CFR, § 233.90 [2], and is therefore invalid under the Supremacy Clause of the United States Constitution.

This action was commenced under Title 42, U.S.C.A., § 1983 and jurisdiction is invoked pursuant to Title 28, U.S.C. A., §§ 1343(3) and (4), §§ 2201 and 2202, and Rules 23(a), 23(b)(2) and 57, Federal Rules of Civil Procedure. In this proceeding plaintiff seeks a preliminary and permanent injunction enjoining defendants, their successors in office, agents, employees and all other persons in active concert and participation with them from refusing to grant AFDC benefits to plaintiff and her unborn child and members of the class she represents if she and the members of said class meet all other requirements for eligibility for AFDC benefits, along with any other further relief deemed just, proper and equitable by this Court.

Having considered the affidavits, pleadings and arguments of counsel for the parties in this cause, this Court makes the following findings of fact and conclusions of law as may be required

far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary, State plans for aid and services to needy families with children."

2. 45 CFR, § 233.90 in pertinent part states at §§ (c)(2) and (3) that:
"(2) Federal financial participation is available in:
"(i) Initial payments made on behalf of a child who goes to live with a relative specified in section 405(a)(1) of the Social Security Act within 30 days of the receipt of the first payment, provided payments are not made for a concurrent period for the same child in the home of another relative or as AFDC–FC;

by Rule 52(a), Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. Plaintiff is an adult woman, was pregant and due to deliver on or about February 16, 1974.

2. On January 31, 1974, plaintiff applied to the Tallahassee office of defendant, Division of Family Services, for AFDC benefits for herself and her unborn child and was denied AFDC benefits because her child had not yet been born, pursuant to the policy of the defendant, Division of Family Services, of denying such benefits until the actual birth of the unborn child.

3. Plaintiff, after the birth of her child and the subsequent establishment of eligibility would receive a medicaid backdate of eligibility of three months, which would cover the expenses connected with the expected child, including doctor, hospital and drug bills, as well as an AFDC payment for herself and the child for the month of birth. 45 CFR, § 206.10(a)(6).[3]

"(ii) Payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis;
"(iii) Payments made for the entire month in the course of which a child leaves the home of a specified relative, provided payments are not made for a concurrent period for the same child in the home of another relative or as AFDC–FC; and
"(iv) Payments made to persons acting for relatives specified in section 406(a)(1) of the Act in emergency situations that deprive the child of the care of the relative through whom he has been receiving aid, for a temporary period necessary to make and carry out plans for the child's continuing care and support.
"(3) Federal financial participation (at the 50 percent rate) is available in any expenses incurred in establishing eligibility for AFDC, including expenses incident to obtaining necessary information to determine the existence of incapacity of a parent or pregnancy of a mother."

3. 45 CFR, § 206.10(a)(6) states that:
"Entitlement will begin as specified in the State plan, which (i) for financial assistance must be no later than the date of authorization for payment and, for purposes of feder-

4. An unborn child is not a child within the meaning of the Social Security Act, Title 42, U.S.C.A., § 601 et seq., for the above reasons and for reasons hereinafter set forth as conclusions of law.

## CONCLUSIONS OF LAW

■ 1. This Court recognizes that in 1962, the now Section 601 of the Social Security Act was amended by substituting "aid and services to needy families with children" in place of the phrase "aid to dependent children" which might indicate that the aid to be rendered was intended for "families" and not exclusively for "dependent children". Though this may well be the case there remains an absence of intent to include unborns within the definition of "dependent children". Pub.L. 87–543.

2. In order to properly determine whether "unborn children" are "dependent children" under Section 601 of the Act it is necessary to scan the pages of history and the development of the law as regards the definition of "child" or "children". Title 42, U.S.C.A., § 601.

There exists substantial authority developed in recent years that rights are created in an unborn child once the fetus becomes "viable". Viability is usually placed at about seven months but may occur as early as 24 weeks. See Roe v. Wade, 410 U.S. 113, 159–162, 93 S.Ct. 755, 35 L.Ed.2d 147 (1973). However, most of this authority creating rights in the unborn came into being since the enactment of Section 601 of the Social Security Act. Until recent years in areas other than criminal abortion, however, the law has been reluctant to endorse any theory that life exists prior to live birth. No legal rights were created or authorized the unborn except in narrowly defined situations and even then rights were contingent upon live birth. To put it in simple terms the unborn are not generally recognized as persons. See Roe v. Wade, supra, at pages 161–162, 93 S.Ct. at page 755.

## THE SECTION 1983 CLAIM

■ 3. This action is based in part on alleged deprivation of rights guaranteed by Title 42, U.S.C.A., § 1983, which provides:

"§ 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

This section, of course, provides for liability for deprivation of rights or privileges secured by the Constitution of the United States.

Roe v. Wade, supra, persuades this Court that an unborn child is not included among persons who are entitled to relief under this Act. The Court states at page 158:

"All this . . . persuades us that the word 'person', as used in the Fourteenth Amendment, does not include the unborn . . ."

It necessarily follows that if an unborn is not a person under the Fourteenth Amendment an unborn has no right of action under Section 1983 and this claim must fall.

## THE FOURTEENTH AMENDMENT CLAIM

■ 4. The law is clear that an unborn child is not a person under the

---

al financial participation, may be as early as the first of the month in which an application has been received and the individual meets all the eligibility conditions, and (ii) for medical assistance must be no later than the date of application for either financial or medical assistance, and may be as early as the third month prior to the month of application if the individual was eligible in that month."

Fourteenth Amendment of the United States Constitution and therefore the unborn child and persons acting in behalf of an unborn child may not assert the deprivation of any rights or privileges secured by the Amendment. Roe v. Wade, supra, at page 158, 93 S.Ct. at page 755.

## THE PURPOSE OF THE ACT PROVIDING FOR AFDC

5. It is interesting to note that the initials AFDC refer to Aid for Dependent Children. It appears fairly obvious that the Congressional concern was for children. In order for this Court to find that the regulation, 45 CFR, Section 233.90(c)(2)(ii) is a valid expression of Congressional interest this Court must find from the statute itself or from legislative history that Congress contemplated payments of federal funds to supplement state funds for the benefit of unborn children at the time the statute was enacted or in subsequent amendments to the Act. This Court cannot find such intent from any Congressional actions as might affect that section of the statutes providing for aid to dependent children. For a discussion of the legislative history see Parks v. Harden, D.C.Ga., 354 F.Supp. 620, 624.

The regulation providing for aid to unborn children provides that benefits are available "when the fact of pregnancy [of the mother] has been determined by medical diagnosis".[4] According to medical authorities this can be determined at least by the third month of pregnancy. Can it be said that Congress at the time this legislation was enacted in the year 1936, intended to provide benefits in the Act for an undeveloped fetus in the early months of pregnancy? The answer is obvious.

It is interesting to note that the regulation in question providing for aid for the benefit of dependent children is silent as to the meaning of the words "unborn child".

6. Since the administrative statement of areas of availability for federal financial participation and not a mandatory requirement placed on those states participating in the AFDC program, there is no head-on collision between federal and state authority requiring a conclusion that the state policy violates the Supremacy Clause.

7. Though obviously not determinative of the action of this Court in the disposition of the issues in this cause, this Court would reflect on the consequences of a judgment in favor of plaintiffs upon the fiscal policies and the state treasury of Florida.

The regulations promulgated by the administrative agency with reference to the pertinent portion of the *statutory provision* involved here enable a participating state to elect whether to provide benefits for the unborn. In fact a perusal of the regulations as a whole would show that in other areas in which federal funds are provided the states may elect to refrain from participating.

As will be seen in Parks v. Harden, supra, at least 40 states have not elected to provide benefits under the state program for the unborn. This fact has long been recognized by Congress and Congress has not elected to act to *require* that states provide benefits in favor of the unborn.

It should also be noted that Florida *does* provide Medicaid benefits which cover doctor, hospital and drug expenses incurred during the third trimester of pregnancy upon application under Title 45, CFR, Section 206.10(a)(6)(ii).

It appears reasonable to this Court that Congressional policy did not dictate that the state treasuries be burdened with payments in cases as are before this Court when during the entire history of the Act no funds have been appropriated for this purpose and Congress has not indicated any intent to require states to participate in a program for

4. See footnote 2, supra.

payment of benefits in behalf of an unborn child. Accordingly, it is

Ordered that defendants' motion for dismissal be granted on the ground that upon the facts and the law in this case plaintiff has shown no right to relief and this cause is hereby dismissed with prejudice.