Tyrone GUYTON, a Deceased minor, by Mattie Shepherd, Administratrix of the Estate of Tyrone Guyton, Deceased, Appellant,

v.

Dale PHILLIPS, Thomas Mierky, William Mathews, James F. Donovan, John Robert Lothrop, Conrad Blevins, Waller Prentice, Thomas Donahue, George T. Hart, Edward Hilliard, Lawrence Holman, Donald Whyte, Charles Edward Herbert, D. Lowell Jensen, Appellees.

No. 76–1951.

United States Court of Appeals, Ninth Circuit.

Aug. 16, 1979.

Rehearing Denied Oct. 29, 1979.

Lew Warden (argued), San Leandro, Cal., for appellant.

Patrick J. Becherer (argued), Crosby, Heafey, Roach & May, Patrick C. Mullin (argued), Oakland, Cal., for appellees.

Before SMITH,* WALLACE and HUG, Circuit Judges.

HUG, Circuit Judge:

This appeal involves the question of whether a claim may be stated under the Civil Rights Act for a violation of the civil rights of a deceased person resulting from the alleged actions of public officials after the death of the decedent, in covering up and failing to prosecute properly the persons who killed the decedent.

The Administratrix of the Estate of Tyrone Guyton brought this action for damages under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, 28 U.S.C. § 1343,[1] alleging violation of constitutional rights guaranteed by the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution. The third amended complaint alleges that defendants Dale Phillips, Thomas Mierky and William Mathews, police officers employed by the City of Emeryville, California, acting in the course of their official duties, shot and wounded Tyrone Guyton, and then, while he was face down on the ground, shot and killed him. The complaint further alleges that the three officers conspired with each other to inflict bodily harm upon Guyton, to give misleading statements concerning the events, and to take Guyton's life for the purpose of concealing their wrongful acts, which conspiracy was in violation of Guyton's civil rights.

The third amended complaint also alleged claims against appellees James F. Donovan, the chief of police of the City of Emeryville; John Robert Lothrop, Conrad Blevins, Waller Prentice, Thomas Donahue and George T. Hart, police officers employed by the City of Oakland, California; Edward

---

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. The appellant has also alleged a cause of action directly under the Constitution, with jurisdiction based upon the general federal question jurisdiction statute, 28 U.S.C. § 1331, as recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and most recently in *Davis v. Passman*, —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The cause of action there asserted would be coextensive with, and an alternate remedy to, that provided by 42 U.S.C. §§ 1983 and 1985, with jurisdiction under 28 U.S.C. § 1343. The constitutional rights asserted are the same.

Hilliard and Lawrence Holman, inspectors employed by Alameda County, California; and D. Lowell Jensen, Donald Whyte and Charles Edward Herbert, the district attorney and deputy district attorneys of Alameda County. The claims against these defendants alleged that, following the death of Tyrone Guyton, they joined the conspiracy of Phillips, Mierky and Mathews, the three police officers who shot Guyton, to cover up and conceal the officers' actions to prevent their prosecution; and, that, in furtherance of the conspiracy, they presented false information and concealed information to obscure the true facts, all in violation of 42 U.S.C. §§ 1983 and 1985 and the United States Constitution.

The district court dismissed the action against all defendants except officers Phillips, Mierky and Mathews, on a motion under Fed.R.Civ.P. 12(b), for failure to state a claim upon which relief can be granted. The claims against the officers who shot Guyton were not dismissed and remain before the trial court. This appeal, therefore, involves only the claims of a conspiracy to deprive Guyton of his civil rights by covering up the alleged wrongful actions of the police officers in shooting Guyton, not the claims for the shooting itself. The issue presented is whether the Civil Rights Act affords a cause of action on behalf of a deceased for acts occurring after the death of that person. We hold it does not and affirm the judgment of the district court.

This appeal arises from a dismissal pursuant to Fed.R.Civ.P. 12(b). On review of a dismissal under Rule 12(b), the well-pleaded facts alleged in the complaint are to be accepted as true. *Cal. Dump Truck v. Associated Gen. Contractors*, 562 F.2d 607, 614 (9th Cir. 1977). A complaint should be dismissed only if it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cal. Dump Truck*, 562 F.2d at 614. We therefore presume the truth of all of the allegations in the complaint.

■ We find that the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death. A "deceased" is not a "person" for the purposes of 42 U.S.C. §§ 1983 and 1985, nor for the constitutional rights which the Civil Rights Act serves to protect.

■ Generally, the term "person", as used in a legal context, defines a living human being and excludes a corpse or a human being who has died. 70 C.J.S. Person (1951); 32 Words and Phrases, Person, pp. 287, 309 (1965); *Telefilm v. Superior Court*, 194 P.2d 542, 547 (Cal.App.1948); *Lawson v. State*, 68 Ga.App. 830, 24 S.E.2d 326, 328 (1943); *Brooks v. Boston and N. St. Ry. Co.*, 211 Mass. 277, 97 N.E. 760 (1912); *Morton v. Western Union Tel. Co.*, 130 N.C. 299, 41 S.E. 484, 485 (1902). There is no indication in the legislative history of the Civil Rights Act that Congress meant to depart from this general meaning of the word "person" when it used the term in 42 U.S.C. § 1983, nor do we find any case law which would imply that the protection of the Civil Rights Act would extend to dead human beings.

To the contrary, relevant cases suggest that the definition of a "person" for purposes of protection of constitutional rights is limited only to a living human being. In *Roe v. Wade*, 410 U.S. 113, 158, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the Supreme Court held that a fetus is not a "person" within the meaning of the Fourteenth Amendment. Likewise, a fetus is not a "person" under the Civil Rights Act. *McGarvey v. Magee-Womens Hospital*, 340 F.Supp. 751 (W.D.Pa.1972), aff'd 474 F.2d 1339 (3d Cir. 1973).

The situation presented by this appeal should not be confused with that presented when a plaintiff, on behalf of a deceased, challenges actions committed *before* the deceased's death as violations of the Civil Rights Act. In the latter case, the cause of action survives the complainant's death, if it is a cause of action that survives under the appropriate state law. *Robertson v.*

*Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). In the present case, all of the alleged actions of the appellees occurred after Guyton's death and thus were not violations of a "person's" civil rights.

Appellant argues that the actions of the appellees in refusing to prosecute the three officers who shot Guyton relate back to the time before his death, on the theory that appellees were co-conspirators with the officers who violated Guyton's civil rights during his lifetime. However, the conspiracy with which the three officers are charged is a conspiracy to deprive Guyton of his civil rights; and, inasmuch as Guyton's civil rights must terminate with his death, so must any conspiracy to deprive him of those rights.

Appellant urges us to extend the reach of the Civil Rights Act to actions which occur after the death of the person whose civil rights are allegedly violated, on the theory that if the Civil Rights Act is to be given the scope that its origins dictate, it must be interpreted broadly. We decline to accept appellant's argument. There is no indication that Congress intended the Civil Rights Act to provide a cause of action for representatives to recover on behalf of a deceased for actions committed after the deceased's death.

We hold that the appellant has no cause of action against appellees under the Civil Rights Act or the Constitution and that the district court's dismissal was proper.

AFFIRMED.