Linda Rolan **HARMAN** etc., et al., Plaintiffs,

v.

**J. E. DANIELS, et al., Defendants.**

**Civ. A. No. 81–0006–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Nov. 2, 1981.

---

S. Strother Smith, Abingdon, Va., for plaintiffs.

Roger Mullins, Tazewell, Va., C. B. Flannagan, II, Bristol, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiffs brought this action to redress alleged deprivations of constitutional rights under color of state law. The plaintiff, Linda Harman, requests compensatory and punitive damages for injuries allegedly incurred during her arrest by the defendant police officer. The infant plaintiff, Sarah Beth Harman, requests similar damages for prenatal injuries allegedly arising from the same incident. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) in conjunction with 42 U.S.C. § 1983. The case is presently before the court on defendants' motion to dismiss the claim of infant plaintiff for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff's counsel has tendered various cases in opposition to defendants' motion.

The infant plaintiff, Sarah Beth Harman, claims that she was assaulted by the defendant officer when he allegedly struck her mother in the stomach. Sarah Beth Harman was *in utero* at the time of the alleged assault. Allegedly, she received major injuries as a result of the attack and suffered severe complications at birth which required substantial medical treatment and which will require continued medical care. It is claimed that the defendant knew that Ms. Harman was pregnant when he struck her and that he failed to seek immediate medical assistance for Ms. Harman once she developed severe stomach pains from the alleged blow to her abdomen.

Defendant urges that the infant plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted because the infant has no cause of action for the alleged prenatal injuries. Therefore, this case presents the interesting question of whether an infant may bring an action under the Civil Rights Act, 42 U.S.C. § 1983, for damages as a result of injuries received by the infant *in utero* from an alleged attack by a police officer upon the child's pregnant mother.

Under 42 U.S.C. § 1983, a right of action exists against any person acting under color of state law who subjects "any citizen of the United States or person" to a deprivation of the rights secured by the Constitution or federal laws. Legislative history indicates that Congress enacted the statute pursuant to the Fourteenth Amendment, *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1960), and "for the

1. The defendant has not filed a similar motion with regard to the claim asserted by the plaintiff, Linda Harman. Therefore, the court will restrict its discussion to matters pertaining to the infant plaintiff.

express purpose of 'enforc[ing] the Provisions of the Fourteenth Amendment' ". *Mitchum v. Foster*, 407 U.S. 225, 238, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1971) (quoting from Act of April 20, 1871, 17 Stat. 13). The Fourteenth Amendment is the "centerpiece" of the statute, *Mitchum*, 407 U.S. at 238–39, 92 S.Ct. at 2160, and the umbrella of Section 1983 extends no further than its provisions. *Monroe v. Pape*, 365 U.S. at 171, 81 S.Ct. at 475; *Poirier v. Hodges*, 445 F.Supp. 838, 842 (M.D.Fla. 1978). Therefore, in order to determine whether a child *in utero* is a "person" or "citizen" under Section 1983, it is necessary for the court to determine whether the infant plaintiff fits the description of either under the Fourteenth Amendment.

As a preliminary matter, the court must determine at what point the infant plaintiff's right of action, if any, arose. No doubt, the relevant statute of limitations for a suit under Section 1983 which has no provision limiting the time in which an action is brought must be borrowed from the analogous state statute of limitations.[2] *Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir. 1977); 42 U.S.C. § 1988. However, "the time of accrual of a federal civil rights action is a question of federal law." *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). And under the federal law, an action does not accrue until the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bireline v. Seagondollar*, 567 F.2d at 263; *Cox v. Stanton*, 529 F.2d at 50; *Young v. Clinchfield R. R. Co.*, 288 F.2d 499, 503 (4th Cir. 1961). Conceivably, the infant plaintiff could claim that her right of action did not arise until the cause of action accrued. Under such a theory, the infant plaintiff would obviously be a "person" and a "citizen" under the Fourteenth Amendment since the injury complained of could not have been discovered until the infant plaintiff was born and living.

 However, such a result fails to make an important distinction between the creation of a right of action and remedy

and accrual of a cause of action. The infant plaintiff's federal remedy only exists by virtue of Section 1983, if it exists at all. *Bireline v. Seagondollar*, 567 F.2d at 261. If so, the *right of action* comes into being at the moment a person "subjects" a plaintiff to an action which deprives the "person" or "citizen" of rights secured by the Constitution or federal laws. Section 1983 *entitles* a plaintiff to a remedy upon the occurrence of an act causing the deprivation of rights under the Fourteenth Amendment, whereas a statute of limitations merely *protects* the entitlement. Therefore, it is improper to assert that the right of action, or remedy, under Section 1983 arises whenever the cause of action accrues. Accordingly, our inquiry of whether the infant plaintiff is a "person" or a "citizen" under Section 1983 must necessarily focus upon whether the infant plaintiff had Fourteenth Amendment rights while *in utero*—the point at which the injury occurred.

Since *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1972), no case has held that a fetus is a "person" entitled to the constitutional protections embodied in the Civil Rights Act. Considering the constitutionality of a criminal abortion statute, the Supreme Court refused to recognize that a fetus' right to life is specifically guaranteed within the language and meaning of the Fourteenth Amendment. "[T]he word 'person' as used in the Fourteenth Amendment does not include the unborn." *Id.* at 158, 93 S.Ct. at 729. In effect, fetal life has no constitutional rights or protection. *Abele v. Markle*, 351 F.Supp. 224, 228 (D.Conn.1972), *vacated and remanded on other grounds*, 410 U.S. 951, 93 S.Ct. 1417, 35 L.Ed.2d 683 (1973); *McGarvey v. Magee-Women's Hosp.*, 340 F.Supp. 751, 754 (W.D.Pa.1972), *aff'd*, 474 F.2d 1339 (3d Cir. 1973).

The court recognizes that an unborn child's lack of status as a "person" under the Fourteenth Amendment does not affect a wide range of rights which statutes and court decisions have heretofore accorded a fetus which is "viable." *See Roe v. Wade*, 410 U.S. at 160–162, 93 S.Ct. at 730–731.

---

2. There is no dispute that the infant plaintiff filed this action within the applicable limitations period.

The plaintiff points out a recent court determination that a Louisiana statute which authorizes recovery for the wrongful death of a "person" permits the parents to recover for the tortious fatal injury to a fetus.[3] And the court agrees that the mere fact that a fetus is not constitutionally *entitled* as a "person" to claim certain remedies or rights in no way prevents Congress from *extending* protection to unborn children by appropriate legislation. *See Parks v. Harden*, 504 F.2d 861 (5th Cir. 1979), *vacated and remanded on different grounds*, 421 U.S. 926, 95 S.Ct. 1651, 44 L.Ed.2d 84 (1975). Therefore, a question for resolution here is whether Congress has done so in the past.

Upon inspection of recent Congressional Acts, Court decisions, and the legislative history of Section 1983, the answer is in the negative. The court is in agreement with the few cases in which courts have determined that the *ipse dixit* in *Roe v. Wade* precludes relief for constitutional deprivations sought on behalf of a child *in utero* under Section 1983. *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979), *cert. denied*, 445 U.S. 916, 100 S.Ct. 1276, 63 L.Ed.2d 600 (1980); *Poole v. Endsley*, 371 F.Supp. 1379, 1382 (N.D.Fla.1974), *modified and remanded on other grounds*, 516 F.2d 898 (5th Cir. 1975); *McGarvey v. Magee-Women's Hosp.*, 340 F.Supp. at 752–54. "It necessarily follows that if an unborn is not a person under the Fourteenth Amendment an unborn has no right of action under section 1983 . . . ." *Poole v. Endsley*, 371 F.Supp. at 1382.

The plaintiffs on whose behalf the suits were taken in *Guyton, Poole*, and *McGarvey* were *in utero*. However, the court is not persuaded that this is a different case because the infant plaintiff asserting the right is alive and well today. This is a distinction without a difference. The fact that a fetus may be capable of sustaining

life in the future does not have any affect upon the availability of remedies under Section 1983. *See, e. g., Whitehurst v. Wright*, 592 F.2d 834, 840 n. 9 (5th Cir.); *Abele v. Markle*, 351 F.Supp. at 228; *McGarvey v. Magee-Women's Hosp.*, 340 F.Supp. at 753–54. There is no indication in the legislative history of the Civil Rights Act that Congress intended the remedies of Section 1983 to be available for vindication of prenatal injuries, or to lie dormant until a fetus can attain the status of a "person." Therefore, in the absence of legislation to the contrary, this court refuses to extend those remedies to a living infant which sustained prenatal injuries. *See Burns v. Alcala*, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1974); *Wisdom v. Norton*, 507 F.2d 750 (2d Cir. 1974).[4]

Additionally, the court finds as a matter of constitutional construction that the infant plaintiff was not a "citizen" at the time of the alleged assault by the defendant. "Whatever rights might accrue to an unborn child by the operation of the common law and statute, it is clear that the Fourteenth Amendment limits citizenship to persons '*born* . . . in the United States.' " *Montana v. Rogers*, 278 F.2d 68, 72 (7th Cir. 1960), *aff'd sub nom. Montana v. Kennedy*, 366 U.S. 308, 81 S.Ct. 1336, 6 L.Ed.2d 313 (1961). Therefore, the infant plaintiff cannot claim Fourteenth Amendment protections on the basis that she was a "citizen" when the injury occurred.

Finally, the court notes that it is constrained to apply the "ordinary meaning" rule of *Bailey v. Drexel*, 259 U.S. 20, 42 S.Ct. 449, 66 L.Ed.2d 817 (1922) to an interpretation of this statute since "the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would

---

3. *Danos v. St. Pierre*, 402 So.2d 633 (La.1981).

4. In *Burns v. Alcala*, the Supreme Court addressed the issue of whether states receiving federal financial aid under the program of Aid to Families with Dependent Children (AFDC) must offer welfare benefits to pregnant women for their unborn children. The Court held that the term "dependent child," as so used under the AFDC program, referred to an existence

separate from its mother. Looking at the statutory construction and legislative history of Section 406(a) of the Social Security Act, the Court determined that "[t]he failure to provide specifically for the special circumstances of pregnant women strongly suggests that Congress had no thought of providing AFDC benefits to 'dependent children' before birth." *Id.*, 420 U.S. at 580–81, 95 S.Ct. at 1184–85.

discover." *Lynch v. Alworth-Stephens Co.,* 267 U.S. 364, 370, 45 S.Ct. 274, 276 (1925). No doubt, dismissal of this case leads to a harsh result.[5] However, affording fetal life protection from personal injury is a problem for the legislatures of the various states. To hold otherwise would be nothing less than judicial legislation.

The court holds that the infant plaintiff, Sarah Beth Harman, has no cause of action against the defendant under the Civil Rights Act or the Constitution. Therefore, defendant's motion to dismiss the claim brought on behalf of the infant plaintiff is hereby granted.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.

---

**5.** A similar action in state court seems unlikely since a child cannot maintain a common law action for prenatal injuries in Virginia. *Law-rence v. Craven Tire Co.,* 210 Va. 138, 169 S.E.2d 440 (1969).