Rosalee **DOUGLAS** and Paul **Douglas**

v.

**TOWN OF HARTFORD, CONNECTICUT, John Doe (1–6) individually and in their official capacities, and Richard Roe (1–6) individually and in their official capacities.**

Civ. No. H–82–96.

United States District Court, D. Connecticut.

July 2, 1982.

---

Robert B. Halloran, Alfano & Halloran, Suffield, Conn., for plaintiffs.

P. Bryden Manning, Frederick W. Danforth, Jr., Law Offices of Geoffrey Naab, Hartford, Conn., for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

CLARIE, Chief Judge.

The defendant Officers, John Doe (1–6) and Richard Roe (1–6) and the City of Hartford have moved to dismiss several of the charges against them asserted by the plaintiffs alleging acts of police brutality in this civil rights action commenced pursuant to 42 U.S.C. § 1981, § 1983, together with allegations of violations of state tort law. The defendants claim that: (1) the plaintiff Paul Douglas was a five and one-half month old fetus, *in ventre sa mere*, when the alleged incident occurred in 1981 and as such is not a "person" or "citizen" within the meaning of 42 U.S.C. § 1983 and cannot recover damages under that provision; (2)

the charges against fictitious police officers John Doe (1–6) and Richard Roe (1–6) should be dismissed, unless the actual officers who were present at the scene of the alleged civil rights incident are identified and served with proper Rule 4 notice within a reasonable time; (3) the claims against the City of Hartford should be dismissed, because they are general and conclusory and do not satisfy the demanding pleading requirements of § 1983; (4) the Court should decline to exercise pendent jurisdiction over Count III of the plaintiffs' complaint, which alleges a myriad of tort violations under the state law, because federal civil rights actions themselves are complex and confusing enough without unnecessarily burdening the court or jury with collateral state court matters; and (5) the plaintiffs' claims for punitive damages against the defendant City of Hartford should be stricken because the Supreme Court explicitly held, in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268, 101 S.Ct. 2748, 2760, 69 L.Ed.2d 616 (1981), that a private plaintiff suing under § 1983 is not legally entitled to recover such damages against a municipality.

The Court finds that a viable fetus is a "person" within the meaning of 42 U.S.C. § 1983 and therefore denies the defendants' motion to dismiss the claims of the plaintiff Paul Douglas. It also finds that the practice of naming fictitious persons as defendants in a § 1983 action is not to be encouraged and accordingly the claims against Officers John Doe (1–6) and Richard Roe (1–6) will be dismissed, unless the proper defendants are identified and served with effective Rule 4 notice by August 1, 1982. The § 1983 claims against the City of Hartford are dismissed, because the plaintiffs have not pleaded specific facts, as required under this civil rights provision, to support their allegations that the City of Hartford ratified, condoned, or otherwise failed to train and properly supervise the defendant police officers. The Court also declines to exercise pendent jurisdiction over Count III of the plaintiffs' complaint, which alleges wide-ranging violations of state tort law, because consideration of such matters in

this dispute would unnecessarily complicate and possibly confuse the merits of the underlying civil rights claims. Finally, the plaintiffs' request for punitive damages against the City of Hartford is dismissed, because a private litigant cannot recover such damages against a municipality in a § 1983 action. *See City of Newport v. Facts Concerts*, 453 U.S. 247, 268, 101 S.Ct. 2748, 2760, 69 L.Ed.2d 616 (1981).

### Facts

The plaintiff Rosalee Douglas is an adult black woman who resides at 95 West Euclid Street in Hartford, Connecticut. The co-plaintiff Paul Douglas is the infant son of Rosalee Douglas. During the early morning hours of July 9, 1981, Rosalee Douglas, who at that time was five and one-half months' pregnant with her son Paul, heard loud noises which appeared to be emanating from the yard of her West Euclid Street home. The plaintiff claims that she ventured outside of her home to determine the cause of this commotion and thereupon observed a police officer, the defendant John Doe, striking her sister Delores Burke in the yard of 95 West Euclid Street.

Douglas further alleges that she was hit across the top of the head with a nightstick by the defendant John Doe when she attempted to aide her sister. The plaintiff claims that she "had committed no illegal acts at the time she was hit nor had she engaged in any conduct which would justify the actions of the defendant John Doe." *See* Plaintiffs' Complaint at ¶ 11. Douglas asserts that she suffered severe and disabling head injuries, and that her unborn baby, the plaintiff Paul Douglas, also suffered serious physical injuries when the defendant John Doe inflicted the alleged blows to her head.

In Count I of the complaint, the plaintiffs argue that the defendant John Doe violated their civil and constitutional rights under 42 U.S.C. § 1981, § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution when he brutally struck Rosalee Douglas without cause or justification. They further claim that the

defendants Richard Roe (1–6) should be held equally responsible for the actions of John Doe because they failed to restrain or otherwise impede him from committing such violent acts.

In Count II of the complaint, the plaintiffs assert that the City of Hartford should be held liable for the unconstitutional acts committed by the defendant police officers because the City failed to train, supervise, control and adequately discipline these individuals. Finally, they allege in Count III of the complaint that the actions of the defendants constitute violations of, and are actionable under, the tort law of the State of Connecticut.

### Discussion

#### A. Claims of Plaintiff Paul Douglas

■ The defendants argue that Paul Douglas was a five and one-half month old fetus when the alleged incident of police brutality occurred in 1981 and, since a fetus is not a "person" or "citizen" within the meaning of 42 U.S.C. § 1983, he cannot recover damages under this provision. While several federal courts have ruled that a fetus is not entitled to civil rights and constitutional protections under § 1983, *See Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979); *Poole v. Endsley*, 371 F.Supp. 1379, 1382 (N.D.Fla.1974); *McGarvey v. Magee-Womens Hospital*, 340 F.Supp. 751, 754 (W.D.Pa.1972), the Court finds that recent and well-established trends in the state courts, including those in Connecticut, have expanded the legal rights of the viable fetus in a wide variety of contexts. *See, e.g., Simon v. Mullin*, 34 Conn.Sup. 139, 380 A.2d 1353 (1977) (right of fetus to recover where injured by the defendant's negligent operation of a motor vehicle); *Justus v. Atchinson*, 19 Cal.3d 564, 139 Cal.Rptr. 97, 107, 565 P.2d 122, 131 (1977) (murder defined in California as unlawfully or maliciously killing a human being or a fetus); *Chrisafageorgis v. Brandenburg*, 55 Ill.2d 368, 375, 304 N.E.2d 88 (1973) (estate of viable fetus can recover damages for wrongful death). Accordingly, the Court denies the defendants' request to dismiss the claims of Paul Douglas.

#### B. Claims Against Defendants John Doe (1–6) and Richard Roe (1–6)

■ This Court has consistently taken the position that the use of fictitious names in a pending litigation causes uncertainty and possible prejudice to the unnamed defendants. *See Galbert v. City of Hartford*, Civ. No. H–80–576, Ruling on Defendants' Motion to Dismiss (May 28, 1982); *Saylor v. Town of Hartford*, Civ. No. H–81–542, Ruling on the Defendants' Motion to Dismiss (December 31, 1981). Plaintiffs in civil rights actions are expected to conduct some preliminary investigation to determine the legal basis, if any, for an action against a particular person or entity. Therefore, the claims against defendants John Doe and Richard Roe will be dismissed by the Court unless the plaintiffs have identified and properly served the actual police officers, who they claim were responsible for the violation of their civil rights, on or before August 1, 1982.

#### C. § 1983 Claim Against the City of Hartford

■ The plaintiffs have alleged in Count II that the City of Hartford should be held equally accountable for the actions of the defendants John Doe and Richard Roe, because it failed to train, supervise, control and adequately discipline said officers. The defendants maintain that such general and conclusory allegations of the City's complicity in this matter do not satisfy the demanding pleading burdens under § 1983.

In the landmark case of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities could be sued under 42 U.S.C. § 1983 for constitutional violations caused by their employees. *Id.* at 662, 98 S.Ct. at 2021. The Court cautioned, however, that damage claims against the municipality necessarily would be limited to situations where the alleged constitutional violations were committed pursuant to "official policy". *Id.* at 663, 98 S.Ct. at 2021.

The Second Circuit recently had occasion, in *Turpin v. Mailet*, 619 F.2d 196 (2d Cir. 1980), to consider the *Monell* decision and specifically to adopt certain legal parameters for determining when a municipal employee has "committed acts pursuant to official policy." In *Turpin*, the plaintiff alleged that the defendant police officer from the Town of West Haven, Connecticut, violated his civil rights by harassing him in retaliation for his bringing, and prevailing in, a § 1983 police brutality action against another member of the West Haven Police Department. The plaintiff in that case also argued, citing the *Monell* decision, that the Town of West Haven should be held legally responsible for the actions of the defendant police officer because the municipality, by failing to discipline its officers for prior civil rights violations, thereby implicitly condoned violence, as a matter of official policy, within the Town Police Department.

When considering the difficult issue of whether the Town of West Haven should be held liable for the actions of the defendant officer under the facts of the *Turpin* case, the Court stated that there are four categories or situations in which a municipality can be found liable, after *Monell*, for the unconstitutional acts of its employees: (1) when the employee engages in acts pursuant to an express official policy of municipal decision-makers; (2) where the acts of the municipal employee reflect a persistent pattern or practice by municipal officials which can be fairly characterized as "custom or usage"; (3) when the alleged unconstitutional acts of the municipal employee stem from the failure of supervisory officials to take disciplinary action in past cases of civil rights abuses; or (4) where the alleged civil rights violation was caused by a single, unusually brutal or egregious beating administered by a group of municipal employees. *Id.* at 199–202.

The plaintiffs allege in ¶ 16 of the complaint that "The failure of the Town of Hartford to adequately train, supervise, control and discipline the defendants, John Doe (1–6) and Richard Roe (1–6) in the proper and lawful exercise of their police functions is the proximate cause of the plaintiffs' injuries." The Douglases provide no specific factual evidence, nor raise any reasonable inferences, which would even remotely suggest that the actions of the defendant City fall into any of the four *Turpin* categories. This District has consistently dismissed such general and conclusory allegations. *See Schramm v. Krischell*, 84 F.R.D. 294, 298 (D.Conn.1979); *Smith v. Ambrogio*, 456 F.Supp. 1130, 1132 (D.Conn. 1978). Accordingly, the plaintiffs' claims against the City of Hartford are hereby dismissed.

## D. *Plaintiffs' State Law Claims*

In the Third Count of their complaint, the plaintiffs allege a myriad of state law claims sounding in tort, including assault and battery, intentional infliction of emotional distress, negligence and gross negligence. This Court has regularly stated that it will not exercise pendent jurisdiction over state tort claims in civil rights actions commenced under § 1983, because these federal lawsuits would be unnecessarily complicated and burdened by the introduction of many state law issues into an already complex litigation. *See Galbert v. City of Hartford*, Civ. No. H–80–576, Ruling On Defendant's Motion to Dismiss (May 28, 1982); *Saylor v. Town of Hartford*, Civ. No. 8–81–542, Ruling on Defendants' Motion to Dismiss (December 31, 1981). Accordingly, the Court dismisses Count III of the plaintiffs' complaint, which alleges violations of the state tort law.

## E. *Punitive Damage Claim Against the City of Hartford*

In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268, 101 S.Ct. 2748, 2760, 69 L.Ed.2d 616 (1981), the Supreme Court clearly and unequivocally held that a private litigant suing under § 1983 cannot recover punitive damages against a municipality. Therefore, the plaintiffs' claim for punitive damages against the City of Hartford is dismissed.

SO ORDERED.