**Marta RUIZ ROMERO, et al.,
Plaintiffs,**

v.

**Generoso GONZALEZ CARABALLO, et al., Defendants.**

**Civ. No. 87–1425 (JP).**

United States District Court,
D. Puerto Rico.

March 11, 1988.

124

Eirc Quetglas Jordán, San Juan, P.R., for plaintiffs.

José R. García, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

This is a police brutality case. Plaintiff alleges that, while nine-months pregnant, she was beaten by officers of the Police of Puerto Rico. The defendants do not deny that plaintiff was taken into custody after an altercation on Ashford Avenue in the Condado, Puerto Rico, but they are prepared to offer a quite different account of Ruiz' arrest. Ruiz makes two basic constitutional claims. First, plaintiff claims that her arrest, incarceration, and prosecution were in retaliation for exercise of her right to free speech. Second, plaintiff also alleges violation of her fourth amendment right to be free from unreasonable seizure of her person in that police arrested her without probable cause to believe she was committing or had committed any offense, and that the seizure of her person was carried out in an unreasonable manner, i.e., that various defendants beat a nine-month pregnant arrestee. Ruiz further alleges claims for failure to train and supervise against various members of González' and Fontanez' command and training hierarchies. Ruiz' infant son reiterates his mother's allegations as claims for deprivation of his rights. Subject matter jurisdiction over this case clearly lies under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343.

Pending before the Court is defendants' motion for dismissal of the claims of plaintiff Emanuel José Acevedo Ramos' claims. Acevedo was in utero, carried by Ruiz, on the night in question. He was born alive some weeks after the incidents complained of in this case. Defendants have moved for dismissal on the grounds that Acevedo was not, on the night in question, a "person" within the meaning of the fourteenth amendment to the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiffs have opposed defendants' motion. Defendants' counterargument is that although Acevedo was neither a person nor a citizen for fourteenth amendment or § 1983 purposes on the night in question, insofar as he is a citizen now, and was at the time of the filing of the complaint, he may press his claim for having been subjected to deprivation of federally protected rights before his birth.

Courts have vacillated on the question of whether a fetus in utero may maintain a cause of action. As recently as 1982, the United States District Court for the District of Connecticut held that a fetus in utero could bring a civil rights claim for an incident of police brutality that befell his mother. *Douglas v. Town of Hartford, Connecticut,* 542 F.Supp. 1267 (D.Conn. 1982). That court reasoned that because certain statutory and common law entitlements had been extended to include "the viable fetus," a motion to dismiss for lack of standing would be denied. *Id.* at 1270. The *Douglas* court, however, stands alone and the case has yet to be cited for that proposition and its reasoning in any jurisdiction. The case's reasoning is suspect in view of the decision of *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The Supreme Court of the United States, in no uncertain terms, stated "that

the word 'person,' as used in the Fourteenth Amendment, does not include the unborn." 410 U.S. at 158, 93 S.Ct. at 729. As such, fetus were not accorded due process protection before termination of a pregnancy. The decision in *Roe v. Wade* was the culmination of actions brought on behalf of conceived yet unborn children that had been percolating up through federal tribunals for some years. One of the precursor case was *McGarvey v. Magee–Womens Hospital*, 340 F.Supp. 751 (W.D. Pa.1972) *aff'd mem.*, 474 F.2d 1339 (3d Cir.1973). In that case a physician brought, as putative guardian ad litem for a class of conceived yet unborn children, a class action suit to enjoin the defendant hospital from performing abortions without procedural due process being afforded the fetuses. The district court dismissed the claim, reasoning that neither the history fourteenth amendment nor the Civil Rights Act of 1871 contemplated fetal life within meaning of "person" for purposes of constitutional protection. *McGarvey*, 340 F.Supp. at 753–54. Without more explicit legislative direction, the district court refused to extend constitutional protection to fetal life. *Id.* at 754.

More on point is the case of *Harman v. Daniels*, 525 F.Supp. 798 (W.D.Va.1981). The Harmans, mother and infant daughter, brought an action under 42 U.S.C. § 1983 deprivation of federally protected rights that allegedly occurred when the mother was arrested. The daughter was not born until some time after the arrest but nevertheless alleged deprivation of her rights while in utero. The *Harman* court first examined when the infant plaintiff's right of action arose. Under the principle that the time of accrual of a civil rights action is a matter of federal law, *Harman* posited that the argument could be made that the infant plaintiff's right of action did not arise until the cause of action accrued, i.e., when plaintiff knew or had reason to know of the injury that is the basis of the action. *Harman*, 525 F.Supp. at 800. This state of real or inferred knowledge would not be manifest until live birth. *Id.*

However, such a result fails to make an important distinction between the creation of a right of action and remedy and accrual of a cause of action. The infant plaintiff's federal remedy only exists by virtue of Section 1983, if it exists at all. [citation omitted]. If so, the *right of action* comes into being at the moment a person "subjects" a plaintiff to an action which deprives the "person" or "citizen" of rights secured by the Constitution or federal laws. Section 1983 *entitles* a plaintiff to a remedy upon the occurrence of an act causing the deprivation of rights under the Fourteenth Amendment, whereas a statute of limitations merely *protects* the entitlement. Therefore, it is improper to assert that the right of action, or remedy, under Section 1983 arises whenever the cause of action accrues. Accordingly, our inquiry of whether the infant plaintiff is a "person" or a "citizen" under Section 1983 must necessarily focus upon whether the infant plaintiff had Fourteenth Amendment rights while *in utero*—the point at which the injury occurred.

*Id.*

Proceeding from this analysis, and reciting *Roe v. Wade* in excluding fetuses from constitutional protections, the *Harman* court concluded that the infant daughter could not maintain a cause of action for alleged constitutional violations that occurred while plaintiff was in utero. "There is no indication in the legislative history of the Civil Rights Act that Congress intended the remedies of Section 1983 to be available for vindication of prenatal injuries, or to be dormant until a fetus can attain the status of 'person.'" *Id.* at 801. Although the *Harman* court did not reach the decision of whether the infant was a *citizen* entitled to fourteenth amendment protection, it is evident that Acevedo may not claim deprivation of federally protected rights suffered as a citizen. Title 8, section 1402 of the United States Code provides in part, "All persons *born* in Puerto Rico on or after January 13, 1941, and subject to the jurisdiction of the United States, are citizens of the United States *at birth*." [emphasis supplied]. Acevedo did not become a citizen protected by the United States Consti-

tution until after the night in question. *See also* U.S. Const. amend. XIV. "All persons *born* or naturalized in the United States, and subject to the jursdiction thereof, are citizens of the United States and of the State wherein they reside."

This Court finds the reasoning of *Harman* persuasive. Accordingly, the Court DISMISSES the federal claims of Emanuel José Acevedo Ruiz. The Court further exercises its discretion under *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) and DISMISSES the pendant Commonwealth claims of Emanuel José Acevedo Ruiz. The case shall proceed only on the claims of Marta Ruiz Romero.

The Clerk shall enter partial judgment dismissing all of plaintiff Acevedo's claims accordingly.

IT IS SO ORDERED.