

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Amir McCain v. Lynne Abraham

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Amir McCain v. Lynne Abraham" (2009). *2009 Decisions*. Paper 1202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-188                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3375

AMIR HAKIM MCCAIN

v.

LYNN ABRAHAM and COMMON PLEAS COURT OF PHILADELPHIA COUNTY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:08-cv-01613)
District Judge:  Honorable Eduardo C. Robreno

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2009

Before:  BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: June 10, 2009)

OPINION

PER CURIAM

    Amir Hakim McCain appeals from the District Court's order dismissing his

complaint.  For the following reasons, we will dismiss McCain's appeal pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).

I.

In 1990, following a jury trial in the Philadelphia County Court of Common Pleas, McCain was found guilty of rape and related charges stemming from the abuse of his former girlfriend, Lani Dickerson. He was sentenced to an aggregate term of 21 to 60 years' imprisonment. After McCain's state court appeals and petition for post-conviction relief petition failed, he filed an unsuccessful habeas petition, followed by two unsuccessful requests to file second or successive habeas petitions. Then, in April 2008, after the District Court granted his application to proceed in forma pauperis, McCain filed a complaint pursuant to 42 U.S.C. § 1983 against the Philadelphia District Attorney and two Philadelphia Court of Common Pleas judges.[1] The gravamen of McCain's complaint is that the defendants violated his rights by participating in his "sham" prosecution and conviction by negligently supervising those who defended, prosecuted, and sentenced him.

At McCain's trial, his theory of the case was that Dickerson fabricated her story of abuse to "get even" with McCain after he left her for Juanita Felder ("Felder"). Felder, who was pregnant during McCain's trial, died before she was able to testify on McCain's behalf. McCain now contends that his (and Felder's) civil rights were violated primarily because Felder's body was not tested for cause of death. McCain claims that Dickerson poisoned Felder to prevent Felder from testifying because Felder's testimony would have

---

[1]    McCain filed an amended complaint on May 19, 2008.

undermined Dickerson's allegations of abuse. Further, McCain accuses the defendants of failing to protect Felder from Dickerson.

On July 30, 2008, upon consideration of the defendants' Federal Rule of Civil Procedure 12(b)(1) and (6) motions, the District Court dismissed the Amended Complaint. This appeal followed.[2]

II.

Because McCain is proceeding in forma pauperis, we review his appeal to determine whether it lacks an arguable basis in law or in fact and thus should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In short, after conducting an independent review, we conclude that McCain's appeal is meritless.

Preliminarily, to the extent that McCain attempts to bring a § 1983 action on behalf of Felder, we note that plaintiffs generally may not vindicate the rights of others. See 42 U.S.C. § 1983; see also Guyton v. Phillips, 606 F.2d 248, 250 (9th Cir. 1979) (stating that the Civil Rights Act "does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death"). Further, a pro se litigant who is not an attorney may not represent someone else in federal court. Osei-Afriyie v. Med. Coll. of Penn., 937 F.2d 876, 882 (3d Cir. 1991). As such, McCain lacks standing to bring a claim based on the alleged violation of Felder's civil rights.

---

[2]   We have jurisdiction pursuant to 28 U.S.C. § 1291.

Additionally, McCain's claims are barred at the outset by the doctrine of respondeat superior. It is well-settled that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As we stated in Rode, liability can be established "through allegations of personal direction or of actual knowledge and acquiescence." Id.

McCain's claims against the Philadelphia District Attorney and the Court of Common Pleas judges are predicated on the defendants' alleged "negligent supervision" of the prosecutor, defense attorney, and judge who were involved in McCain's trial. Although McCain conclusorily contends that the defendants were engaged in a conspiracy to deprive him of his rights, he has failed to allege that the defendants were personally involved in, or actually knew of, any civil rights violations. Accordingly, his complaint cannot survive a motion to dismiss.[3]

For the foregoing reasons, we conclude that McCain's appeal lacks arguable merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). McCain's motion for

_____

[3] We note that the complaint is also subject to dismissal under the doctrines of prosecutorial and judicial immunity, as the defendants are protected from suit for actions taken in their official capacity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (explaining that judges are immune from suit except when the challenged action is taken in a nonjudicial capacity or when a judicial action is taken in the complete absence of all jurisdiction); Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007) (acknowledging that "state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role") (citing to Imbler v. Pachtman, 424 U.S. 409, 427 (1976)).

4

appointment of counsel is denied.