OPINION
PER CURIAM.
Amir Hakim McCain appeals from the District Court’s order dismissing his complaint. For the following reasons, we will dismiss McCain’s appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
*604 I.
On May 26, 2009, McCain, acting as “Administrator of the Estate of Deceased Juanita Felder and a/k/a John McCain, An-Nisa McCain, Individually in his own Right,” filed a complaint in the United States District Court for the Eastern District of Pennsylvania against Episcopal Hospital and the Hospital of the University of Pennsylvania. McCain’s complaint alleged that the hospitals, acting under color of state law, violated his constitutional rights by refusing to turn over biological, toxicological, and DNA tests that McCain believes would justify further criminal or civil actions against the hospitals in connection with the deaths of Juanita Felder and McCain’s unborn son.
On June 5, 2009, McCain moved to proceed with his claims in forma pauperis. On July 1, 2009, the District Court granted in forma pauperis status to appellant, and dismissed his complaint under 28 U.S.C. § 1915(e)(2).
II.
We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because McCain is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
This is McCain’s second attempt, as a pro se litigant, to bring a § 1983 action on behalf on Juanita Felder. See McCain v. Abraham, 337 Fed.Appx. 141 (3d Cir.2009). We reiterate that “a pro se litigant who is not an attorney may not represent someone else in federal court.” Id. at 142; see also Osei-Afriyie v. Med. Coll. of Penn., 937 F.2d 876, 882 (3d Cir.1991) (holding that a non-attorney parent could not proceed pro se on behalf of his or her children in federal court). Furthermore, as we explained to McCain in dismissing his previous appeal, § 1983 “does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased’s civil rights which occurred after his death.” McCain, 337 Fed.Appx. at 142 (quoting Guyton v. Phillips, 606 F.2d 248, 250 (9th Cir.1979)). For these reasons, McCain lacks standing to litigate claims on behalf of Felder or her estate.
To the extent that McCain also seeks redress for alleged violations of his own civil rights, McCain’s claims are without merit. To state a claim under 42 U.S.C. § 1983, McCain must show that the Episcopal Hospital and the Hospital of the University of Pennsylvania (1) violated his federal or Constitutional rights, and (2) that they did so while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.1995). McCain has failed to articulate how the hospitals’ alleged actions-in essence, withholding information that could potentially form the basis of a hypothetical future criminal or civil action — violated a right that either the Constitution or federal law protects.
Furthermore, even assuming that withholding information under these circumstances somehow violated a cognizable federal right, McCain makes no allegations to support his claim that the hospitals were acting under color of state law. “[TJhere is no liability under § 1983 for those not acting under color of law.” Groman, 47 F.3d at 638. Although McCain asserts that the hospitals were acting under color of state law, there is no allegation that the Episcopal Hospital or the Hospital of the University of Pennsylvania are state actors, that they have “acted together with” or have “obtained significant aid from *605 state officials,” or that their conduct is “otherwise chargeable to the State.” Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 923, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Jordan v. Fox, Rothschild, O’Brien & Frankel, 20 F.3d 1250, 1264-65 (3d Cir.1994). Other than McCain’s bare assertion, there is nothing in the complaint to suggest that either defendant was acting under color of state law. Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009) (holding that conclusory allegations are not entitled to the assumption of truth).
III.
After conducting an independent review, we conclude that McCain’s appeal is without arguable merit. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).